UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ROBERT S. SCHMIDT,

    Plaintiffs,

v.                                              CASE NO. 20-cv-01915

WATERTRONICS, LLC,

    Defendant.             JURY TRIAL DEMANDED

**COMPLAINT**

NATURE OF THE ACTION

Plaintiff, ROBERT S. SCHMIDT ("Mr. Schmidt"), brings this action pursuant to the Americans With Disabilities Act, as amended ("ADA") 42 U.S.C. §12101, et seq. to remedy acts of employment discrimination and retaliation perpetrated against him by WATERTRONICS, LLC ("Watertronics").

JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343.

2.    The Employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

PARTIES

3.    Mr. Schmidt is a citizen of the United States and a resident of Wisconsin. At all times relevant to this action, Mr. Schmidt was a qualified individual with a disability as defined

by the ADA and was employed by Defendant until his employment was terminated on April 23, 2019.

4. At all relevant times, Defendant Watertronics has been incorporated in the State of Wisconsin with the Principal Office in Omaha, Nebraska, and has been doing business in the State of Wisconsin, and, under information and belief, has continuously employed over three hundred (300) people.

5. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under Section 101(5) and 101(7) of the ADA.

## ADMINISTRATIVE EXHAUSTION

6. Mr. Schmidt has complied with all the administrative prerequisites to action as required.

7. A Notice of Suit Rights was issued on October 6, 2020 for EEOC charge Number 26G-2019-01165.

## FACTUAL ALLEGATIONS

8. Mr. Schmidt became a welder for Defendants beginning April 2, 2019.

9. Mr. Schmidt successfully trained for his position, never receiving any indication of poor or inadequate performance.

10. On or about April 9, 2019, Mr. Schmidt began feeling the some of the symptoms of his Deep Vein Thrombosis and Protein S. Blood Deficiency, which includes, blood clots, swelling of the ankles and trouble standing for prolonged periods.

11. He texted his supervisor a picture of his lower legs and ankles.

12. He then called his employer to request the day off of work.

13. He was told to bring back medical certification that he was cleared to return to work without limitations.

14. On or about April 11, 2019, Mr. Schmidt obtained a letter from his physician stating that he could return to work on April 13, 2019.

15. After presenting the letter, Defendant still refused to allow him to return to work because the physician's note did not excuse his absence caused by Deep Vein Thrombosis and Protein S. Blood Deficiency.

16. Mr. Schmidt objected stating that he had only been told to provide a return-to-work certification and that it felt like he was being treated unfairly due to his need for accommodations for his disability.

17. Nonetheless, Mr. Schmidt again went to his physician and asked for his doctor to excuse his prior absences and release him to full duty employment.

18. His physician provided a letter requesting Mr. Schmidt's excuse from work for April 10, 11 and 12, and that he be released to work on April 16, 2019.

19. Mr. Schmidt contacted Defendant and stated that he has a new letter that covers the dates he was absent and releases his to work.

20. He was told again that his medical certification was insufficient and that he could not work and must stay home.

21. Mr. Schmidt repeated that he believed he was being discriminated against when Defendant would not allow him to return to work.

22. On or about April 18, 2019, Mr. Schmidt was told not to come to work until the Director of Operations returned to the facility the following week.

23. On or about April 23, 2019, Mr. Schmidt received a letter stating that he has been absent from Watertronics since April 9, 2019 and is considered to have abandoned his position and thus, was considered to have voluntarily resigned.

24. Mr. Schmidt contends that Defendant terminated his employment due to disability discrimination and in retaliation for making complaints of discrimination.

25. Mr. Schmidt has since lost wages, benefits and suffered emotional distress, including depression, anxiety, sleeplessness and a loss of general well-being.

**Count One**
**Violation of ADA**
**(Employment Discrimination Based on Disability)**

26. Mr. Schmidt realleges and incorporates by reference the allegations contained in all preceding and all subsequent paragraphs of the Complaint as though fully set forth herein.

27. This claim is authorized and instituted pursuant to the provisions of the Americans with Disabilities Act, for relief based upon the unlawful employment practices of the above-named Defendant. Specifically, Mr. Schmidt complains of Defendants' violation of the ADA's prohibition against discrimination in employment based, in whole or in part, upon an employee's disability.

28. During his employment with Defendant, Mr. Schmidt was a member of a class protected under the ADA.

29. Defendants had notice of Mr. Schmidt's disability or otherwise perceived Mr. Schmidt to be disabled.

30. Mr. Schmidt's disability was a motivating factor in creating the adverse employment actions against him as described herein.

31. Defendants discriminated against Mr. Schmidt by failing to engage in the good faith interactive process and terminating his employment for an apparent lack of medical documentation.

32. Defendants failed to accommodate his need for time off by alleging he abandoned his job and/or did not provide the correct medical certifications, despite his multiple attempts to return to work and correct and deficiencies in his physicians certifications.

33. Defendant failed to provide him time to obtain additional certifications, refused to accept medical documentation and claimed his absences were not medically related.

34. Defendant discriminated against Mr. Schmidt by requiring that he be one hundred percent healed and not require any limitations in order to return to work.

35. Defendant further discriminated against Mr. Schmidt by terminating his employment due to his disability, as well as his need, request and use of accommodations.

36. Defendants' acts and omission are the direct and proximate cause for the adverse employment actions against Mr. Schmidt in violation of the ADA.

37. As a further direct and proximate result of Defendants' wrongful acts and omissions, Mr. Schmidt sustained loss of earnings and earning capacity; loss of fringe and pension benefits; suffered mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of his choice

38. The intentional and discriminatory conduct of the Defendants complained of herein was willful, wanton, deliberate, malicious, egregious and outrageous warranting the imposition of punitive/exemplary damages, which will serve as an example and deterrent to Defendants and others who would commit similar illegal acts.

39. As Defendant's engaged in discriminatory employment practices with malice or with reckless indifference to Mr. Schmidt's federally protected rights, Mr. Schmidt is entitled to punitive/exemplary damages in addition to compensatory damages, attorney fees and other remedies available under the ADA.

## Count Two
## Retaliation for Engaging in Protected Activity
### (ADA)

40. Mr. Schmidt realleges and incorporates by reference the allegations contained in all preceding and all subsequent paragraphs of the Complaint as though fully set forth herein.

41. Mr. Schmidt is and was, at all relevant times, a qualified individual with a disability, or was otherwise perceived as such.

42. Mr. Schmidt made requests for his condition to be accommodated.

43. Mr. Schnidt made multiple complaints to management and human resources that he was being discriminated against and/or treated unfairly because he was disabled and required and requested accommodations for his disability.

44. Defendants attempted to hide their true intentions by alleging job abandonment even though they had not followed their own progressive discipline policy.

45. The intentional and retaliatory conduct of Defendants complained of herein was willful, wanton, deliberate, malicious, egregious and outrageous warranting the imposition of punitive/exemplary damages, which will serve as an example and deterrent to Defendant and others who would commit similar illegal acts.

46. As Defendants engaged in retaliatory employment practices with malice or with reckless indifference to Mr. Schmidt's federally protected rights, Mr. Schmidt is entitled to punitive/exemplary damages in addition to compensatory damages, attorney fees and other remedies available under the ADA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROBERT S. SCHMIDT respectfully requests that this Court:

A. Order Defendant WATERTRONICS, LLC to make whole M. Schmidt, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

B. Order Defendant WATERTRONICS, LLC to make whole Mr. Schmidt, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to job search expenses, effects on credit history, debt, increase in insurance costs and other incidental expenses, in amounts to be determined at trial.

C. Order Defendant WATERTRONICS, LLC to make whole Mr. Schmidt by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained above, including, but not limited to emotional pain, suffering, inconvenience, humiliation and mental anguish, in amounts to be determined at trial.

D. Order Defendant WATERTRONICS, LLC to pay Mr. Schmidt punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

E. Award Mr. Schmidt his reasonable attorney's fees and costs, including but not limited to expert witness fees as provided for under the ADA.

F. Award Mr. Schmidt with interest on any awards at the highest rate allowed by law; and

G. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

Plaintiff, ROBERT S. SCHMIDT, requests a jury trial on all matters as to which he is entitled by law.

                                                                                       LAW OFFICE OF ADAM M. KENT

Dated: December 28, 2020                          s/Adam M. Kent
                                                                    Adam M. Kent
                                                                      State Bar No.: 1099634
                                                                    7670 N. Port Washington Rd., Suite 105
                                                                    Milwaukee, Wisconsin 53217
                                                                    Telephone: 414-446-5331
                                                                    Facsimile: 888-509-8232
                                                                    E-Mail: Attorney@adamkentlegal.com
                                                                    *Attorney for Plaintiff*